UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| KAREN NOLAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 07-317-DCR |
| ) | |
| V. ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | **MEMORANDUM OPINION** |
| of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Karen Nolan ("Nolan") and Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). [Record Nos. 10 and 11] Through this action, Nolan seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to Supplemental Security Income payments. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Nolan.

**I.    BACKGROUND**

Nolan filed an application for Supplemental Security Income ("SSI") on February 14, 2001. This claim was denied initially and upon reconsideration. On October 11, 2002, ALJ John R. Barker issued a decision denying benefits to Nolan. Thereafter, Nolan requested review

of the ALJ's decision with the Appeals Council. Upon review, the Appeals Council vacated the hearing decision. In remanding the case for further proceedings, the Appeals Council stated that:

> In determining the severity and residual effects of claimant's mental impairments, the Administrative Law Judge addressed the medical opinion expressed by William R. Rigby, Ph.D., as to claimant's mental ability to perform work related functions; however, he did not indicate the weight given to such opinion evidence, as required by 20 C.F.R. 416.927 and Social Security Ruling 96.5p. Dr. Rigby concluded that due to her dysthymia, the claimant had "fair" ability to sustain attention with simple repetitive tasks and "fair" ability to tolerate the stress and pressures or work activity. Thus, further consideration of the claimant's mental status is needed. . . . The evidence of record does not establish that the claimant has performed work activity during the relevant 15-year period at substantial gainful activity levels; accordingly, it does not appear that there is pas relevant work to serve as a basis for denial. Additionally, there is a prior Administrative Law Judge decision dated January 13, 1995. In accordance with Social Security Acquiescence Rulings 98-3(6), the Administrative Law Judge must include decisional language explaining which findings from the prior decision remain binding and which do not. . . . In the prior decision, the Administrative Law Judge established a more restricted residual function capacity for light work. In the current decision, the Administrative Law Judge did not establish the additional limitations that indicate the claimant should avoid more than occasional climbing, stooping, bending, crouching or crawling, exposure to environmental pollutants, work dealing with the public and high stress. In addition, the claimant may require a sit/stand option.

[Transcript ("Tr."), p. 16-17] Following remand, an administrative hearing was conducted before ALJ Barker on November 14, 2003. During the hearing, ALJ Barker heard testimony from Nolan and Susan Seylar Kehoe, a vocational expert ("VE").

On December 24, 2003, ALJ Barker issued a second decision denying benefits to Nolan. [Tr., pp. 16-25] The ALJ concluded that Nolan retained the residual functional capacity to perform a significant range of light work. [Tr., p. 24] Nolan's request for review by the Appeals Council was denied on April 29, 2004. [Tr., pp. 6-8]

At the time of the most recent administrative hearing, Nolan was 46 years-old and had a high school education. [Tr., p. 17] She has no vocationally relevant past work experience. [Tr., p. 17] Nolan alleges that she became disabled beginning February 6, 2001, due to problems with her stomach, back, hand, breathing, premenstrual syndrome, migraines, gout, high blood pressure, rectal bleeding, anxiety, nerves, chest pain, lupus, arthritis, hearing loss, concentration, leg, knee, feet, arm, lung, liver, heart hemorrhoids, and dizziness. [Tr., p. 17] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, the ALJ found that Nolan was not disabled as defined in the Social Security Act and regulations. [Tr., p. 25]

**II.     LEGAL STANDARD**

A claimant's Social Security disability determination is made in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual

function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (*quoting Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Servs.*, 46 F.3d 552,

555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Servs.*, 818 F.2d 461, 464 (6th Cir. 1987).

### III.    DISCUSSION

Nolan contends that the ALJ's decision is not supported by substantial evidence for two reasons. First, she asserts that the ALJ erred in assessing her allegations of pain and limitations. Second, she contends that the ALJ erred in rejecting the findings of Dr. Patrick Donovan. According to Nolan, the ALJ improperly gave more weight to the opinions of Dr. A. Dahhan, a one time examiner, and "ignored the opinion of state agency examiner, Dr. Donovan." [Tr., p. 8-9]

In general, a claimant's subjective complaints of pain may be sufficient to support a claim of disability. *See Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975).

However, in evaluating the claimant's allegations, an ALJ should look to the medical evidence to determine if the complaints of pain have an objective basis inasmuch as reference to medical evidence is helpful in making credibility determinations concerning such claims. "[A]n ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility.'" *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)).

To support a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In the present case, Nolan alleges disability due to problems with her stomach, breathing, premenstrual syndrome, gout, high blood pressure, rectal bleeding, anxiety, nerves, chest pain, lupus, arthritis, hearing loss, concentration leg, knee, feet arm, lung, liver, heart, hemorrhoids and dizziness. Further, she asserts that she suffers from low back pain, chronic headaches, and

an intolerance to non-steroid anti-inflammatory drugs. Additionally, she claims that she has a disabling mental impairment.

In evaluating Nolan's allegations, the ALJ examined the objective medical evidence and concluded that there was no objective medical evidence to support her allegations that these problems constitute severe impairments. Specifically, the ALJ found that "[t]here [was] no medical record from any acceptable medical source that suggests [that Nolan was] unable to perform the mental demands of work-related activity." [Tr., p. 20] Moreover, the ALJ found that Nolan's alleged impairments were "not severe enough to meet or medically equal one of the impairments" listed in the social security regulations. [Tr., p. 20]

In support of her claim of disabling pain, Nolan refers to a number of diagnoses that she has received over the years. However, the Sixth Circuit has held that "[t]he mere diagnosis of [an ailment], . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also Maloney v. Apfel*, 211 F.3d 1269 (table), No. 99-3081, 2000 WL 420700 at *2, (6th Cir. 2000) (finding substantial evidence to support denial when record indicated claimant showed symptoms and was diagnosed with disorder but did not contain evidence of a disabling impairment that would prevent work); *Foster v. Secretary of Health & Human Svcs.*, 899 F.2d 1221 (table), No. 88-1644, 1990 WL 41835 at *2 (6th Cir. 1990) (finding substantial evidence to support denial when the claimant produced no evidence regarding the frequency, intensity, and duration of arthritic pain; the record indicated that he was no more than slightly or minimally impaired).

The Sixth Circuit has repeatedly noted that "[d]iscounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence." *Cruse*, 502 F.3d at 543 (quoting *Walters*, 127 F.3d at 531). Here, objective medical evidence confirms that Nolan suffers *some* degree of pain as a result of her impairments. However, the ALJ's findings are supported by the fact that Nolan's current medical evidence includes very limited treatment records and consultative examinations by Drs. Donovan and Dahhan that demonstrate that her impairments are not disabling. [Tr., p. 20] As noted by the ALJ, Nolan's medical records do not contain any opinions from treating physicians involving her ability to perform work-related activities. [Tr., p. 20] Thus, the ALJ properly discounted Nolan's allegations of pain as they conflicted with the medical reports and other evidence in the record.

Having examined the decision of ALJ Barker, it is apparent that he thoroughly considered the medical evidence of record and determined that the record did not support Nolan's subjective complaints of pain. In light of the evidence presented to the ALJ, this was an entirely reasonable decision and one the ALJ was entitled to make. *Gooch*, 833 F.2d at 592.

As noted above, Nolan also argues that the ALJ erred by ignoring the opinions of Dr. Patrick Donovan. Dr. Donovan performed a consultative evaluation of Nolan on March 31, 2001. [Tr., p. 136-139] After the examination, he reported generally normal physical findings. However, he found that Nolan suffered from headaches, a history of peptic ulcer disease, and low back pain without evidence of radiculopathy. He further opined that Nolan had difficulty with activities such as sitting or standing and subjective pain with lifting. Nevertheless, he

-8-

observed that she had good grip strength and gross manipulation and a normal gain and station.

Contrary to Nolan's assertion, the ALJ did not ignore Dr. Donovan's findings. In fact, ALJ Barker specifically discussed Dr. Donovan's findings, noting that none of Nolan's treatment records "reflect that of a totally disabled individual." [Tr., p. 22] Nolan takes issue with the fact that the ALJ afforded greater weight to the findings of Dr. Dahhan. However, in doing so, the ALJ specifically noted that Dr. Dahhan's opinions were consistent with the evidence.

Title 20 of the Code of Federal Regulations, § 416.927, contains detailed rules for evaluating medical and psychological opinions from sources which include state agency and other non-examining consultants. Paragraph (b) of this section provides that such sources will be considered together with the rest of the relevant evidence in deciding whether a person is disabled. Paragraphs (c), (d), and (e) then set out general rules for evaluating the record. Paragraph (f) provides that findings made by state agency consultants become opinions at the administrative level and require that the ALJ consider and evaluate them when making a disability decision. It states in relevant part that:

> We consider all evidence from non-examining sources to be opinion evidence. When we consider the opinions of non-examining sources, we apply the rules in paragraphs (a) through (e) of this section. In addition, the following rules apply to State agency medical and psychological consultants, other program physicians and psychologists, and medical experts we consult in connection with administrative law judge hearings and Appeals Council review:

20 C.F.R. § 416.927(f). Further, Social Security Ruling 96-6p provides in relevant part that:

> 1. Findings of fact made by State agency medical and psychological consultants and other program physicians and psychologists regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion

evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review.

2. Administrative law judges and the Appeals Council may not ignore these opinions and must explain the weight given to these opinions in their decisions.

The ALJ considered the findings of Dr. Donovan together with Nolan's medical records reflecting her treatment and care. The Court finds that the ALJ conducted a thorough review and analysis of the evidence and explained the basis for his decision regarding Nolan's limitations and the restrictions which were found to exist. Substantial evidence supports the decision of the ALJ.

### IV. CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Nolan's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 13th day of February, 2008.



Signed By:
*Danny C. Reeves* DCR
United States District Judge